IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DANIEL B. O'FALLON                                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 2:15-CV-28-KS-MTP

PROTOCOL RECOVERY SERVICE, INC.                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiff's Motion for Default Judgment
[11].

## I. BACKGROUND

Plaintiff filed his Complaint [1] on March 13, 2015. He contends that Defendant
attempted to collect a debt in violation of Mississippi law and the Fair Debt Collection
Practices Act ("FDCPA"). A copy of the Complaint was served on Defendant on July 17,
2015 [9]. Defendant's answer was due on or before August 7, 2015, FED. R. CIV. P.
12(a)(1)(A)(i), but it did not file one. Therefore, the Clerk properly entered its default
[14]. *See* FED. R. CIV. P. 55(a). The Court now considers Plaintiff's Motion for Default
Judgment [11].

## II. DISCUSSION

By its default, Defendant admitted Plaintiff's well-pleaded allegations of fact.
*Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In
addressing a motion for default judgment, the Court accepts the factual allegations of
the Complaint as true. The entry of a default, however, "does not in itself warrant the
court in entering a default judgment. There must be a sufficient basis in the pleadings
for the judgment entered." *Id.* "Default judgments are a drastic remedy, not favored by

the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of . . . securing a trial upon the merits." *Id.*

## A.     15 U.S.C. § 1692n

Plaintiff stated in his Complaint that Defendant violated Section 1692n of the FDCPA by attempting to collect a time-barred debt in violation of state law. However, Section 1692n does not forbid or require any action by a debt collector. Rather, it provides that the FDCPA does not "annul, alter, or affect, or exempt any person . . . from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent" with the FDCPA. 15 U.S.C. § 1692n. It further provides that a state law is not inconsistent with the FDCPA if it provides greater protection for consumers than the FDCPA. *Id.* In other words, § 1692n merely provides that the FDCPA does not preempt state laws which provide "greater protection from improper conduct than the FDCPA." *Thrasher v. Cardholders Servs.*, 74 F. Supp. 2d 691, 694 (S.D. Miss. 1999); *see also Virgil v. Reorganized M.W. Co.*, 156 F. Supp. 2d

624, 631 (S.D. Miss. 2001). Therefore, the Court finds that Defendant did not "violate" § 1692n insofar as that statute does not require or forbid any actions by debt collectors.

**B.      *15 U.S.C. § 1692f***

Section 1692f of the FDCPA provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff alleges that Defendant violated this provision by "attempting to collect a time-barred debt." Specifically, Plaintiff alleges that an action on the subject account is barred by the statute of limitations contained in MISS. CODE ANN. § 15-1-29. That statute provides: "[A]ctions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after . . . ." MISS. CODE ANN. § 15-1-29. The completion of the limitation period extinguishes the right of collection on the debt. MISS. CODE ANN. § 15-1-3(1).

Whether a statute of limitations bars an action is a legal question. *United States v. Irby*, 703 F.3d 280, 283 (5th Cir. 2012). Although Plaintiff's complaint contains a bare conclusion that Defendant attempted to "collect a time-barred debt," Plaintiff alleged insufficient facts to support the legal conclusion that the debt was, in fact, time-barred. Plaintiff alleged that Defendant sent him a collection letter on March 14, 2014, and Plaintiff attached the letter [1-2] to his Complaint. However, Plaintiff failed to allege any facts indicating when Defendant's right of collection accrued, such as when Plaintiff incurred the debt, when Defendant first attempted to collect it, or how often Defendant has attempted to collect since the debt was incurred. Therefore, accepting the

3

Complaint's well-pleaded factual allegations as true, the Court can not conclude that Defendant attempted to "collect a time-barred debt." Accordingly, the Court finds that Plaintiff alleged insufficient facts to establish a right to relief under 15 U.S.C. §§ 1692f and 1692k.

The Court also notes that Plaintiff failed to cite any law in support of his implicit argument that "attempting to collect a time-barred debt" qualifies as "unfair or unconscionable means to collect or attempt to collect any debt" as prohibited by 15 U.S.C. § 1692f. If Plaintiff believes that "attempting to collect a time-barred debt" is prohibited by 15 U.S.C. § 1692f, it is his responsibility to provide a legal argument to support the claim – not the Court's.[1]

## C.    *Negligence*

Plaintiff alleged that Defendant "was negligent in placing time-barred accounts with collectors for collection in the State of Mississippi," and that it "was negligent in the hiring, training, auditing and supervision of personnel hired for the purpose of collecting funds from alleged debtors and consumers." However, Plaintiff failed to cite any Mississippi law imposing tort liability on a debt collector for the actions described above, and the Court declines to make Plaintiff's argument for him. In the absence of any substantive legal argument whatsoever, the Court denies Plaintiff's motion for default judgment as to his negligence claims. *See Connick*, 15 F.3d at 1345 ("A party who inadequately briefs an issue is considered to have abandoned the claim."); *Graham*, 69

---

[1]*See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."); *Graham v. Hodge*, 69 F. Supp. 3d 618, 626 n. 6 (S.D. Miss. 2014).

F. Supp. 3d at 626 n. 6. The Court also notes that Plaintiff failed to allege any specific facts in support of this claim, again relying on the bare conclusion that Defendant "attempted to collect a time barred-debt."

### III. CONCLUSION

For the reasons above, the Court **denies** Plaintiff's Motion for Default Judgment [11].

If Plaintiff wishes to file an amended complaint which corrects the pleading deficiencies noted above, he may seek leave to do so within two weeks of the entry of this opinion. Plaintiff shall attach his proposed amended complaint as an exhibit to his motion seeking leave to amend. If Plaintiff does not seek leave to amend, the Court will assume that he has abandoned his claims and dismiss this case without prejudice. If Plaintiff's proposed amended complaint does not correct the pleading deficiencies noted above, the Court will assume that Plaintiff has abandoned his claims and dismiss this case without prejudice.

Once Plaintiff has filed an Amended Complaint, he will be required to re-serve Defendant. If Defendant does not timely file a responsive pleading, then Plaintiff may once again seek an entry of default and default judgment.

SO ORDERED AND ADJUDGED, on this, the 21st day of October, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE