IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DANIEL B. O'FALLON**                                                                **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 2:15-CV-28-KS-MTP**

**PROTOCOL RECOVERY SERVICE, INC.**                           **DEFENDANT**

## ORDER

On May 26, 2015, the Court entered an Order [27] denying Plaintiff's Motion for Default Judgment [25] and ordering him to show cause why this case should not be dismissed without prejudice. Among other things, Plaintiff argued in response that Mississippi law was unique insofar as the statute of limitations on collection of a debt extinguishes "both the right and the remedy." *See* MISS. CODE ANN. § 15-1-3. In other words, he argued that the expiration of the statute of limitations for collection on an open account bars any judicial action on the debt *and* extinguishes the debt itself. Plaintiff is correct.

In Mississippi, the statute of limitations "on an open account or account not acknowledged in writing" is three years after the cause of action accrues. MISS. CODE ANN. § 15-1-29. An action on an open account accrues when the debtor defaults on the debt or breaches the unwritten contract. *Cf. Jordan v. Lewis Grocer Co.*, 467 F. Supp. 113, 117 (N.D. Miss. 1979); *Mosely v. Smith*, 2015 Miss. LEXIS 605m at *5 (Miss. Dec. 16, 2015); *Chimento v. Fuller*, 965 So. 2d 668, 675 (Miss. 2007).

Plaintiff alleged and provided evidence [19-1, 19-2] that a debt collector first attempted to collect on the debt in August 2008. The Court concludes that this is

sufficient to demonstrate that any claim on the disputed open account accrued by at least August 2008.

Plaintiff also alleged that Defendant attempted to collect the debt in March 2014 – almost six years after the claim accrued. Because any claim on the debt accrued by at least August 2008, the three-year statute of limitations had already expired at the time Defendant attempted to collect on the debt. MISS. CODE ANN. 15-1-29. In Mississippi, the "completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy." MISS. CODE ANN. § 15-1-3(1). Therefore, under Mississippi law, the expiration of the statute of limitations on a defaulted open account extinguishes the debt itself. *Greene v. Greene*, 110 So. 218, 222-23 (Miss. 1926). "[T]he account ceases to be a debt. It is completely extinguished by the statute of limitation . . . ." *Id.* at 223; *see also Hawkins v. S. Pipe & Supply Co.*, 259 So. 2d 696, 697 (Miss. 1972); *Proctor v. Hart*, 16 So. 595, 596 (Miss. 1894). Therefore, at the time Defendant attempted to collect the alleged debt, it no longer existed.

"The FDCPA bars debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt,' including 'the threat to take any action that cannot legally be taken,' and 'the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.'" *Castro v. Collecto, Inc.*, 634 F.3d 779, 783 (5th Cir. 2011) (citing 15 U.S.C. §§ 1692e(5), (10)). Here, Plaintiff has alleged – and Defendant has admitted, by its default – that Defendant attempted to collect a debt

2

that did not exist. The Court concludes that is a violation of 15 U.S.C. § 1692e, and it will enter a default judgment in Plaintiff's favor.

"A violation of the FDCPA renders a debt collector liable for actual damages, additional damages up to $1,000, and costs and attorney's fees incurred." *Serna v. Law Office of Joseph Onwute, P.C.*, 732 F.3d 440, 442 (5th Cir. 2013) (citing 15 U.S.C. § 1692k(a)). Here, Plaintiff demands $10,000.00 in damages [19]. The only factual support for his claim of actual damages is his allegation [19] that he "suffered headaches, pain, anxiety and mental suffering" because of Defendant's single collection attempt. Here, Defendant's violation of the FDCPA was *de minimis*. It sent a single, relatively innocuous collection letter which contained no threats, insults, or harassment. Plaintiff's bare allegation of "headaches, pain, anxiety and mental suffering" does not justify an award of $10,000.00 in actual damages. The Court awards Plaintiff $500.00 in actual damages.[1]

Consumers may also recover statutory damages, regardless of their actual damages. *Abernathy v. NCC Bus. Servs., Inc.*, No. 2:11-CV-219-SA-SAA, 2012 U.S. Dist. LEXIS 132762, 2012 WL 4320810, *3 (N.D. Miss. Sept. 18, 2012). "In determining the amount of liability . . . , the court shall consider, among other relevant factors . . . , the frequency and persistency of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . ." 15 U.S.C. § 1692k(b)(1). As noted above, Defendant's violation was *de minimis*. In

---

[1]The Court notes that Plaintiff has not requested a hearing on damages, instead asserting that his claim is for a certain sum [25].

that did not exist. The Court concludes that is a violation of 15 U.S.C. § 1692e, and it will enter a default judgment in Plaintiff's favor.

"A violation of the FDCPA renders a debt collector liable for actual damages, additional damages up to $1,000, and costs and attorney's fees incurred." *Serna v. Law Office of Joseph Onwute, P.C.*, 732 F.3d 440, 442 (5th Cir. 2013) (citing 15 U.S.C. § 1692k(a)). Here, Plaintiff demands $10,000.00 in damages [19]. The only factual support for his claim of actual damages is his allegation [19] that he "suffered headaches, pain, anxiety and mental suffering" because of Defendant's single collection attempt. Here, Defendant's violation of the FDCPA was *de minimis*. It sent a single, relatively innocuous collection letter which contained no threats, insults, or harassment. Plaintiff's bare allegation of "headaches, pain, anxiety and mental suffering" does not justify an award of $10,000.00 in actual damages. The Court awards Plaintiff $500.00 in actual damages.[1]

Consumers may also recover statutory damages, regardless of their actual damages. *Abernathy v. NCC Bus. Servs., Inc.*, No. 2:11-CV-219-SA-SAA, 2012 U.S. Dist. LEXIS 132762, 2012 WL 4320810, *3 (N.D. Miss. Sept. 18, 2012). "In determining the amount of liability . . . , the court shall consider, among other relevant factors . . . , the frequency and persistency of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . ." 15 U.S.C. § 1692k(b)(1). As noted above, Defendant's violation was *de minimis*. In

---

[1] The Court notes that Plaintiff has not requested a hearing on damages, instead asserting that his claim is for a certain sum [25].

fact, the only reason the letter constitutes a violation of the FDCPA is because of an arcane point of Mississippi law extinguishing Plaintiff's alleged debt. The maximum amount of statutory damages the Court can award is $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). In this case, the Court will award $250.00 in statutory damages.

For the reasons provided above, the Court amends its previous order [27] and now **grants** Plaintiff's Motion for Default Judgment [25]. The Court will enter a final judgment in favor of Plaintiff in the amount of $750.00, plus costs and attorney's fees incurred.

SO ORDERED AND ADJUDGED, on this, the 13th day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE